**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RITA ANN WARREN,**<br>　　　　Appellant,<br>　vs.<br>**GLENN MICHAEL CYBULSKI,**<br>　　　　Appellee**.** | CASE NO. 17-cv-04471-YGR<br><br>**ORDER DENYING BANKRUPTCY APPEAL** |

This action arises out of a Bankruptcy order dated August 1, 2017, (the "Bankruptcy Order"), granting appellee Glen Michael Cybulski's (the "Debtor") motion for reconsideration and clarification of a previous order which denied defendant's motion for summary judgment as to plaintiff Rita Ann Warren's (the "Creditor") claim under Bankruptcy Code Section 523(a)(19). (Dkt. No. 1-1, Notice of Appeal at 1; *see* Dkt. No. 5-9, Order Granting Motion for Reconsideration and Clarification ("Bankruptcy Order").) In the Bankruptcy Order at issue, the bankruptcy judge granted Cybulski's second motion for summary judgment on the ground that Cybulski had "established that there was no actual reliance by plaintiff [Warren] on any statements made by defendant [Cybulski]." (Bankruptcy Order at 11–12.)

Appellant Warren's briefing does not indicate which specific aspects of the Bankruptcy Order giving rise to this appeal allegedly constitute error by the bankruptcy judge. Instead, Warren contends generally that (i) appellee's bankruptcy filing was fraudulent; (ii) appellee committed perjury; (ii) the bankruptcy court was biased towards appellee; (iv) appellant was not allowed to present evidence in support of her claims; (v) the bankruptcy court condoned criminal activity; and (vi) the bankruptcy court selected a mediator before the parties could agree upon one.

(Dkt. No. 4, Appellant's Statement of Issues ("Statement of Issues") at 2.)

Having carefully reviewed the record of the proceedings in this matter, the legal determinations in the bankruptcy court's decision, the parties' briefing, and for the reasons discussed below, the Court hereby **AFFIRMS** the Bankruptcy Order.[1]

## I. RELEVANT FACTUAL BACKGROUND

The relevant factual and procedural background of this case was previously set forth in this Court's order dated March 28, 2016, affirming in part, vacating in part, and remanding the bankruptcy judge's order granting summary judgment in favor of Cybulski and against Warren:

> In 2001, Creditor invested approximately one million dollars of an inheritance in Trilogy Investment Group ("TIG"), of which Debtor was a managing member. Before she made the investment, Creditor's neighbor, John Colling, suggested she contact Debtor to discuss investing in TIG. Creditor met with Debtor in early 2001, at which point he provided her with a copy of a document entitled TIG'S "Mortgage-Backed Securities Program."
>
> Creditor alleges that Debtor made several material misrepresentations to her regarding TIG's program at their meeting. Creditor took TIG's documents to Kenneth Dansie, her accountant, for his review and to discuss her potential investment with TIG. Dansie told Creditor that he "wasn't happy with [TIG's] proposal" and asked to speak to Debtor. The following day, Creditor received a phone call from her neighbor Mr. Colling pressuring her to make the investment with TIG and Debtor. Creditor met with Debtor to sign an investment agreement with TIG without further consultation with her accountant Mr. Dansie Debtor accompanied Creditor to her bank where she transferred $800,000 of her funds into TIG's account. The next month, at Debtor's request, Creditor wire-transferred an additional $290,000 to TIG's account.

---

[1] Appellant references what could be construed as a potential statutes of limitations argument for first time in this her reply brief. The Ninth Circuit has held that courts "will not . . . review an issue not raised below unless necessary to prevent manifest injustice." *See Padgett v. Wright* (9th Cir. 2009) 587 F.3d 983, 985 n. 2 (per curiam) (citing *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc*. 752 F.2d 1401, 1404 (9th Cir. 1985); *see also In re Olsen* 2014 WL 7048459 at *7 (B.A.P. 9th Cir.). Further, and in any event, the Bankruptcy Order at issue in this appeal does address whether Warren's claims are time-barred.

Creditor did not see a return on her investment in TIG's mortgage-backed securities program, and in November 2003, filed a complaint against TIG and Debtor in Sonoma County Superior Court. In August 2005, that litigation resulted in a settlement agreement and release between Creditor and Debtor. Debtor defaulted, resulting in the Sonoma County Superior Court entering a judgment in November 2009 in favor of Creditor against Debtor in the amount of $270,000. Then, in January 2013, the Sonoma County Recorder's Office recorded an abstract of the judgment.

Just one month after Creditor's judgment was recorded against Debtor, he filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Creditor, then represented by counsel, timely filed a complaint to determine non-dischargeability of debt. The [Second Amended Complaint] asserts three claims by which the debt should be deemed non-dischargeable based on the original transactions of the parties. Namely, two claims were brought under 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B) as fraud-based, and the third claim under 11 U.S.C. § 523(a)(19) as one relating to the sale of a security. On October 25, 2013, Creditor filed a notice of substitution of counsel, informing the bankruptcy court that she would be proceeding *pro se.*

On January 29, 2015, Debtor served on Creditor his first requests for admissions. The RFAs specifically referenced Rule 36 and advised Creditor that if she "fails to respond to or object to any request within thirty (30) days of the service of the [RFAs], the matter shall be deemed admitted." Creditor signed a United States Postal Service return receipt acknowledging receipt of the RFAs but did not respond to them within the thirty-day deadline established by Rule 36, incorporated by reference under Federal Rule of Bankruptcy Procedure ("FRBP") 7036. Just six days after the thirty-day period elapsed, Debtor filed a motion for summary judgment substantially based on facts deemed established by operation of Rule 36(b). Creditor did not oppose the motion.

On the date of the scheduled trial of April 2, 2015, Debtor began the session with a "motion in court for a summary judgment." Debtor based his motion on a lack of triable issues resulting from (1) Creditor's failure to respond to discovery requests, and (2) the RFAs deemed to be admitted. (*Id.*) The bankruptcy court, Judge Alan Jaroslovsky presiding, proceeded to address the RFAs with counsel

3

> for Debtor. With respect to Creditor's claims of non-dischargeable debt based on fraud under Sections 523(a)(2)(A) and 523(a)(2)(B), Judge Jaroslovsky found that RFA No. 76 conclusively established there was no fraud absent reliance. It read: "Please admit that you did not rely on any written or oral statements from [Debtor] in deciding to invest."
>
> . . . .
>
> With respect to Creditor's security claim under Section 523(a)(19), Judge Jaroslovsky rejected Debtor's attempt to use an RFA to establish that the relevant transactions did not involve a "security" as that term is defined under California law, stating: "the admission seems to call for a conclusion of law which is mine to draw, so I don't see how that helps [Debtor's] case."
>
> . . . .
>
> On May 1, 2015, the bankruptcy court entered judgment for Debtor.

*See Warren v. Cybulski*, 556 B.R. 429, 431–332 (N.D. Cal. 2016) (internal citations omitted).

Warren appealed, and on May 29, 2016, this Court "[a]ffirmed with respect to Creditor's fraud claims under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), [] [v]acated as to Creditor's claim under 11 U.S.C. § 523(a)(19)" and " [r]emanded to the bankruptcy court for further proceedings." *Id*. at 436. With regard to the Section 523(a)(19) claim, this Court found insufficient evidence in the record to "establish conclusively that an investment did not involve the sale of a 'security' under California law." *Id*. at 436–37.

## II. BANKRUPTCY COURT PROCEEDINGS AT ISSUE

On May 26, 2017, Cybulski filed a second motion for summary judgment supported by a request for judicial notice as to the 523(a)(19) claim. (Bankruptcy Order at 5 (citing Bankruptcy Court Dkt. Nos. 200–106).) The bankruptcy judge granted the motion on two grounds: First, Warren's claim was time-barred by the applicable two-year statute of limitations pursuant to Cal. Corp. Code Section 25507. Second, Warren failed to allege a violation of federal securities law. However, the bankruptcy judge held that Cybulski was not entitled to summary judgment on a third ground, namely that "plaintiff's deemed admissions meant she could not prove reliance." (*Id* at 6 (citing Bankruptcy Court Docket No. 118).) Specifically, the bankruptcy judge stated that Cybulski's argument regarding "lack of misrepresentations relies on the same deemed admissions

1  that the district court . . . found do not justify summary adjudication." (Dkt. No. 5-7 at 4.)

2  On July 10, 2017, Cybulski filed a motion to reconsider and clarify the second summary judgment order with regard to the bankruptcy court's denial of summary judgment based on plaintiff's failure to show reliance. (Dkt. No. 5-9, Defendant's Motion to Clarify and Reconsider at 1.) According to Cybulski, the bankruptcy judge failed to address defendant's argument that "plaintiff cannot establish the element of reliance as required to prove a prima facie case for common law fraud based on her deemed admissions that conclusively establish that she did not rely on any statement from Defendant when deciding to invest in Trilogy Investment Group, LTD." (*Id*. at 3.) The bankruptcy judge granted Cybulski's motion and held that Warren failed to show "reliance" upon a misrepresentation or omission[2] and thus could not prevail on her claim under Section 532(a)(19) whether based on a predicate violation of securities laws or common law fraud. (Bankruptcy Order at 10–11 (citing *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008); *In re Chui*, 538 B.R.793, 808 (Bankr. N.D. Cal. 2015); *City Solutions, Inc. v. Clear Channel Communs., Inc*., 365 F.3d 835, 839 (9th Cir. 2004); *Small v. Fritz Cos. Inc*., 30 Cal.4th 167, 173 (2003).) Warren timely appealed on August 7, 2017. (Dkt. No. 1.)

## III. ANALYSIS

### A. Standard of Review

The Court reviews *de novo* the bankruptcy court's grant of summary judgment. *In re Ahaza Sys., Inc.*, 482 F.3d 1118, 1123 (9th Cir.2007). The Court thus stands in the same position as the bankruptcy court below and applies the standards set forth in Rule 56. *Id*. Under Rule 56, a party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that

---

[2] In so holding, the bankruptcy judge stated that the "first summary judgment ruling was affirmed by the district court" with regard to whether "defendant had established, through plaintiff's deemed admissions, that plaintiff did not rely on any statement made by defendant." (Bankruptcy Order at 11.) The Court notes that the bankruptcy judge misconstrued this Court's prior order. In this Court's order dated March 28, 2016, the Court noted that Warren "did not raise" the issue of reliance "with the bankruptcy court below or in the instant appeal" and declined to rule on that issue.

5

demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 324–25; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Soremekun*, 509 F.3d at 984; *see* Fed.R.Civ.P. 56(c), (e). The opposing party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence showing there is a genuine dispute of material fact for trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir.2000). When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011).

**B.  Discussion**

Although Warren's legal arguments are difficult to discern,[3] appellant challenges the Bankruptcy Order which granted summary judgment against appellant as to her claim under Bankruptcy Code Section 523(a)(19) based on a failure to show reliance on a misrepresentation or omission. However, appellant does not proffer any factual basis in support of her assertions that that (i) appellee's bankruptcy filing was fraudulent; (ii) appellee committed perjury; (ii) the bankruptcy court was biased towards appellee; (iv) appellant was not allowed to present evidence

---

[3] Debtor argues that appellant's briefs fail to comply with the requirements of Federal Rule of Bankruptcy Procedures 8014. Specifically, the briefs do not contain a (i) table of contents with page references, (ii) table of authorities, (iii) or jurisdictional statement. *See* Fed. R. Bankr. P. 8014(a)(2)–(5). However, Court finds that Warren substantially complied with the requirements of the rule especially in light of her *pro se* status. An improperly labeled table of contents is not a compelling reason to dismiss Creditor's appeal, nor is her inability to employ proper legal jargon within her statement of the case.

in support of her claims; (v) the bankruptcy court condoned criminal activity; and (vi) the bankruptcy court selected a mediator before the parties could agree upon one; are not supported by evidence in the record. (Dkt. No. 4, Statement of Issues at 2.)

In an effort to afford Warren every opportunity to prosecute her case, the Court analyzes whether the bankruptcy judge erred in granting summary judgment. Section 523(a)(19) provides that a debt is non-dischargeable if it "is for – (i) the violation of any of the Federal securities laws . . . State securities laws . . . or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security . . . ." Federal securities laws, state securities laws, and common law fraud each require a plaintiff to show reliance upon a misrepresentation or omission. *See Stoneridge Investment Partners,* 552 U.S. at 157; *In re Chui*, 538 B.R. at 808; *City Solutions,* 365 F.3d at 839; *Small*, 30 Cal.4th at 173. The bankruptcy judge found that Warren failed to establish a triable issue with regard to reliance based on Warren's deemed admissions in response to Cybulski's discovery requests.

The Court has reviewed thoroughly the record on appeal and is not able to identify any factual support for the proposition that Warren relied on appellee's misrepresentation or omission or that Warren attempted to proffer such evidence but was prohibited from doing so by the bankruptcy judge.[4] Accordingly, Warren's appeal is **DENIED**.

## IV. Conclusion

For the reasons discussed above, appellant's Bankruptcy Appeal is **DENIED** and summary judgment is **AFFIRMED** in favor of appellee**.**[5]

---

[4] In this Court's prior order, the Court noted in dicta that "absent the deemed admissions, Creditor may well have been able to establish her claims. That she was estopped from doing so based on an inadvertent admission of a material fact strikes the Court as beyond the intended purpose of Rule 36." Further, the Court provided guidance so the issue could be addressed on the merits rather than on procedure. *Warren v. Cybulski*, 556 B.R. at 435. However, this Court declined to reach that issue because Warren did not raise it on appeal. Here, Warren again fails to raise this issue on appeal. By contrast, Warren does argue that that "never once . . . has The Bankruptcy Court allowed me to present evidence or tell my story . . . ." (Statement of Issues at 2.) However, Warren proffers no evidence in support of this assertion.

[5] Appellee "requests the Court to strike Appellant's Opening Brief . . . . [and] award Appellee his costs, attorney's fees and any other sanction that he Court deems appropriate." (Dkt.

1 The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 21, 2018

                                               **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**

---

No. 8 at 15–16.) Cybulski relies on *In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002), in support of his argument that the Court should strike appellant's opening brief based on noncompliance with Federal Rule of Bankruptcy Procedures 8014. Appellee does not persuade, as *In re O'Brien* involved "a bank, which is able to obtain the most competent counsel" whereas Warren is proceeding *pro se*. *Id*. at 1137. Further, the Court finds that awarding costs and attorney's fees would not be appropriate in light of Warren's *pro se* status and medical record. (*See* Dkt. No. 7 at 8–14.)